IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL FAAITA, | ) | CIV. NO. 07-00601 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANTS |
| vs. | ) | PETER CARLISLE, RYAN K. |
| | ) | SHINSATO AND WADE H. |
| SUSAN L. LIANG; MAXINE N. W. | ) | HARGROVE'S MOTION TO DISMISS |
| SHEA; MORGAN HILL, BRYAN | ) | FOR INSUFFICIENCY OF SERVICE |
| OATO, MICHAEL KAYA, GREYSON | ) | OF PROCESS |
| ACISOBA, NEIL HAN, SEAN | ) | |
| YAMASHITA, RONALD CAHILL, | ) | |
| SHANE WRIGHT, SAMUEL VALMOJA | ) | |
| and MAXIE NAVAS, individually | ) | |
| and in their capacities as | ) | |
| officers of the Honolulu | ) | |
| Police Department; R. | ) | |
| ONTIVEROS, individually and | ) | |
| in his capacity as a Sergeant | ) | |
| of the Honolulu Police | ) | |
| Department, PETER CARLISLE, | ) | |
| City and County of Honolulu | ) | |
| Prosecuting Attorney, in his | ) | |
| official and individual | ) | |
| capacities; ULULANI G. | ) | |
| AKIONA, RYAN K. SHINSATO, and | ) | |
| WADE H. HARGROVE, | ) | |
| individually, and in their | ) | |
| official capacities as Deputy | ) | |
| Prosecuting Attorneys for the | ) | |
| City and County of Honolulu; | ) | |
| THE CITY AND COUNTY OF | ) | |
| HONOLULU; THE HONOLULU POLICE | ) | |
| DEPARTMENT; and DOES 1-50, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS PETER CARLISLE, RYAN K. SHINSATO AND
WADE H. HARGROVE'S
<u>MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS</u>

I.        INTRODUCTION AND BACKGROUND.

On December 12, 2007, Plaintiff Daniel Faaita filed a Complaint in this court against several officers with the Honolulu Police Department, several Deputy Prosecuting Attorneys for the City and County of Honolulu ("City and County"), and the Prosecuting Attorney for the City and County, all in their individual and official capacities.  Faaita claimed a violation of due process, an unreasonable search and seizure, false imprisonment, emotional distress, defamation, gross negligence, and other intentional torts.  Defendants Peter Carlisle, Ryan K. Shinsato, and Wade H. Hargrove (collectively "Defendants") filed a Motion to Dismiss for Insufficiency of Process on July 3, 2008, asserting that Hargrove was not served until June 13, 2008, and that Carlisle and Shinsato were not served until June 16, 2008. Defendants seek dismissal based on untimely service.  See Defendants' Motion to Dismiss (July 3, 2008) ("Motion to Dismiss") at 2.

As district courts have broad discretion to determine whether a plaintiff's untimely service warrants dismissal without prejudice, or whether the time to serve a complaint should be extended, this court exercises its discretion to allow this action to proceed despite the untimely service of the Complaint on Defendants.  Defendants were served before the motion was filed and have not shown that they would be prejudiced by

2

Faaita's two-month delay in service.  The motion to dismiss is denied without a hearing pursuant to Local Rule 7.2(d).

II.      ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) requires a district court to grant an extension of time to serve a defendant if the plaintiff shows good cause for the delay in service.  Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007); In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). The court must consider whether a plaintiff has shown good cause for the delay in service on a case-by-case basis.  In re Sheehan, 253 F.3d at 512.  In Boudette v. Barnette, 923 F.2d 754, 755 (9th Cir. 1991), the court analyzed Rule 4(j) of the Federal Rules of Civil Procedure, the predecessor to Rule 4(m).  The Ninth Circuit noted that, "[a]t a minimum, 'good cause' means excusable neglect." Id. at 756.  Further, to justify more time for service of a complaint based on "good cause," a "plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the

3

defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Id.

It is undisputed that Faaita failed to serve Defendants within 120 days of the filing of the Complaint. With regard to Defendants Shinsato and Hargrove, Faaita says that after the Complaint was filed, Faaita's attorney learned that Shinsato and Hargrove were no longer working for the Office of the Prosecuting Attorney. Counsel then spent several weeks locating them. Plaintiff's Opposition to Defendants' Motion to Dismiss (Aug. 4, 2008) ("Opposition") at 4. This court need not determine whether Faaita had good cause for failing to timely serve Defendants in light of the need to determine Defendants' addresses. The Ninth Circuit has held that, even if a plaintiff fails to show "good cause" for untimely service of a defendant, a district court has discretion to either dismiss without prejudice or extend the time for service of a complaint. Efaw, 473 F.3d at 1040; In re Sheehan, 253 F.3d at 512.

In holding that a district court, faced with a motion to dismiss for untimely service, has discretion under Rule 4(m) to dismiss a plaintiff's complaint without prejudice or to extend the time for service, the Ninth Circuit noted that it had not addressed what factors a court should consider in deciding to exercise its discretion under Rule 4(m). The Ninth Circuit said

it did not need to articulate in that case any specific test that a court had to apply.  In re Sheehan, 253 F.3d at 513.

In Efaw, 473 F.3d at 1041, the Ninth Circuit noted that "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)."  The court stated, "'On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint, after that 120-day period.'"  Id. (quoting Mann v. Am. Airlines, 324 F.3d 1088, 1090-91 (2003)).  "In making extension decisions under Rule 4(m) a district court may consider factors like statute of limitations bar, prejudice to defendant, actual notice of lawsuit, and eventual service."  Efaw, 324 F.3d at 1041 (internal quotation marks and citation omitted).

In Efaw, the Ninth Circuit determined that the facts weighed strongly against the district court's allowing the plaintiff to serve the defendant seven years after the complaint had been filed.  Id.  The Ninth Circuit ruled that the plaintiff's seven-year delay of service was extraordinary, and that the plaintiff had offered no reasonable explanation for the delay.  Id.  There was no evidence that the defendant had attempted to evade service, had contributed to the delay, or even knew about the action.  Id.  The Ninth Circuit determined that the delay prejudiced the defendant because, after seven years,

the memories of witnesses had faded and a witness had died.  Id. The Ninth Circuit therefore held that "the district court abused its discretion in denying Defendant's motion to dismiss based on Plaintiff's failure to comply with Rule 4's service requirements."  Id.

The facts of this case are clearly unlike the extraordinary facts of Efaw.  Faaita served Defendants approximately two months after the expiration of the 120-day period.  Part of the delay resulted from Defendants' changed employment.  At the time this motion was filed, Defendants had been served.

Defendants argue that "Defendants are prejudiced by the delay of time in serving them as memories fade and evidence can be lost to time."  Defendants' Reply to Plaintiff's Opposition to Defendants Peter Carlisle, Ryan K. Shinsato, and Wade H. Hargrove's Motion to Dismiss ("Reply") (Aug. 4, 2008) at 5. Defendants identify no specific faded memory or lost evidence. Indeed, it is unlikely that Plaintiff's two-month delay in service resulted in material fading of memories or a loss of evidence.

Defendants further argue that, while Rule 4(m) allows enlargement of time prior to the lapsing of the 120-day period, a court may not reopen and then expand a previously lapsed 120-day period.  See Reply at 3-4.  To the contrary, Rule 4(m) states,

6

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The plain language of the rule gives the court discretion to extend the time to serve a complaint without requiring "good cause."  See Efaw, 473 F.3d at 1040; In re Sheehan, 253 F.3d at 512.  Thus, this court has discretion to allow the service of the Complaint beyond the 120-day period set forth in 4(m).  This court does exactly that in this order and extends the time to serve until the date the movants were indeed served.  Defendants' motion to dismiss is denied.

III.     CONCLUSION

For the foregoing reasons, this court denies Defendants' motion to dismiss for untimely service.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Faaita v. Liang, et. al., CIV. NO. 07-00601 SOM/KSC; ORDER DENYING DEFENDANTS' PETER CARLISLE, RYAN K. SHINSATO AND WADE H. HARGROVE'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS.