IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL FAAITA, | ) | CIVIL NO. 07-00601 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS FILED BY SUSAN L. |
| | ) | LIANG AND MAXINE N.W. SHEA |
| SUSAN L. LIANG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO DISMISS FILED BY
SUSAN L. LIANG AND MAXINE N.W. SHEA

I.      INTRODUCTION.

Plaintiff Daniel Faaita alleges that Defendant Susan L. Liang filed false police reports that caused him to be arrested and prosecuted for violating a court-ordered injunction prohibiting Faaita from contacting Liang.  Faaita alleges that Defendant Maxine N.W. Shea caused Liang to file the false police reports by telling her that Faaita had been calling Liang on the telephone.  Faaita asserts that, as a result of these false reports, he was improperly arrested and maliciously prosecuted by officers and prosecuting attorneys.  In relevant part, Faaita asserts that Liang and Shea violated his Fourteenth Amendment due process rights (First Cause of Action), falsely imprisoned him (Third Cause of Action), caused him emotional distress (Fourth Cause of Action), and slandered, libeled, or otherwise defamed him (Fifth Cause of Action).  Faaita also seeks punitive damages

for Liang and Shea's alleged conduct (Seventh Cause of Action). See Complaint (December 12, 2007).

On December 16, 2008, Liang and Shea filed a bare-bones motion under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Faaita's claims are barred by the two-year statute of limitations governing claims asserted under 42 U.S.C. § 1983. On December 29, 2008, the remaining City-related Defendants filed a joinder in the motion.  Liang and Shea have failed to meet their burden of demonstrating that they are entitled to judgment on the pleadings, and their motion is denied without a hearing pursuant to Local Rule 7.2(d).  The City-related Defendants' joinder is therefore denied as well.

II.     BACKGROUND FACTS.

Faaita alleges that, in December 2003, he stipulated to a court-ordered injunction that prohibited him from harassing Liang.  See Complaint ¶ 32.  He alleges that Liang complained to the Honolulu Police Department that he had been contacting her by telephone in violation of the injunction.  Id. ¶ 33.  Faaita alleges that Shea told Liang that Faaita had been calling her. Id. ¶ 34.  Faaita denies having called Liang.  Id. ¶ 41. Nevertheless, in 2004 and 2005, four criminal complaints were filed in state court against Faaita for alleged violations of the injunction.  Id. ¶¶ 35-39.

Faaita says that, on June 27, 2005, a prosecuting attorney told the state court that Liang could not actually identify Faaita as the person who had made the calls to her. Id. ¶ 52. Apparently, at the June 2005 hearing, the court orally granted the prosecution's motion to dismiss the charges. On December 13, 2007, the charges were dismissed with prejudice via a written order. Id. ¶ 53.

On December 12, 2007, Faaita filed the Complaint in this case.

III.     LEGAL STANDARD.

Rule 12(c) motions for judgment on the pleadings should be granted when, taking all material allegations in a complaint as true and construing them in the light most favorable to the nonmoving party, the moving party demonstrates that it is entitled to judgment as a matter of law. Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) ("A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law."); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999) ("Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."); Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 n.2 (9th Cir. 1992) ("In reviewing the defendants' motions under Fed.R.Civ.P. 12(c), the district court views the

facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiffs' allegations.").

Under Rule 12(c), when matters outside the pleadings are considered, the motions are treated as motions for summary judgment.  Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) (converting a Rule 12(c) motion to a motion for summary judgment under Rule 56 because matters outside the pleadings were considered).

IV.     ANALYSIS.

It appears that Faaita's Fourteenth Amendment due process claim (First Cause of Action), and Fourth Amendment false imprisonment claim (Third Cause of Action) are being brought under § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Faaita's emotional distress claim (Fourth Cause of Action) and slander/libeled/defamation claim (Fifth Cause of Action), on the other hand, appear to be state-law claims brought pursuant to this court's supplemental jurisdiction.  Faaita's punitive damage claim (Seventh Cause of Action) appears to be a request for damages for his § 1983 and state-law claims.  See Complaint (December 12, 2007).

       The court has serious doubts as to whether Faaita can assert viable § 1983 claims against Liang and Shea for the alleged violations of his constitutional rights (Fourteenth Amendment due process claim (First Cause of Action), and Fourth Amendment false imprisonment claim (Third Cause of Action)), as Liang and Shea do not appear to have acted under color of law.  Nevertheless, Liang and Shea's motion did not seek dismissal of the false imprisonment or due process claims on that ground.  Instead, their motion was limited to arguing that the two-year statute of limitations applicable to § 1983 claims bars those claims.  Because Liang and Shea fail to establish on this motion entitlement to judgment as a matter of law, their motion is denied.

       The court initially notes that Liang and Shea do not establish the applicable statute of limitation for Faaita's

state-law claims.  Their motion is entirely based on the statute of limitations applicable to § 1983 claims.  Accordingly, they fail to meet their burden on this motion of demonstrating that they are entitled to judgment as a matter of law on their state-law claims.  To the extent Liang and Shea seek dismissal of Faaita's state-law claims (emotional distress (Fourth Cause of Action), slander/libel/defamation (Fifth Cause of Action), and punitive damages for those causes of action (Seventh Cause of Action)), their motion is therefore denied.

With respect to the § 1983 claims, Liang and Shea contend that Faaita did not file those claims within the applicable two-year statute of limitations.  The statute of limitations period for § 1983 actions is "a State's personal injury statute of limitations." Owens v. Okure, 488 U.S. 235, 240-41 (1989); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000) ("The length of the limitations period for § 1983 actions is governed by state law"); Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) ("State law determines the statute of limitations for § 1983 suits").  This court agrees that the statute of limitations applicable to § 1983 actions in Hawaii is set forth in Hawaii Revised Statutes § 657-7, the two-year "general personal injury" provision. Dusenberry v. County of Kauai, 2007 WL 3022243, *3 (D. Haw. 2007) ("The Hawaii Supreme Court has determined that the applicable statute of limitations

for claims brought under § 1983 is two years pursuant to Hawaii Revised Statute . . . § 657-7."); <u>Allen v. Iranon</u>, 99 F. Supp. 2d 1216, 1238 (D. Haw. 1999) ("In Hawaii, the statute of limitations for actions under Section 1983 is two years from the date of the violation."), <u>aff'd</u> 283 F.3d 1070 (2002); <u>Pele Defense Fund v. William Paty</u>, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions.").

Although this court looks to state law to determine the applicable statute of limitations, the determination of when a cause of action begins to accrue turns on federal law. <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007) ("the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law"); <u>Harvey</u>, 210 F.3d at 1013; <u>Cabrera</u>, 159 F.3d at 379. Before 1994, the law in the Ninth Circuit provided that a false arrest claim began to accrue on the date of the allegedly false arrest. See <u>Matthews v. Macanas</u>, 990 F.2d 467, 469 (9th Cir. 1993) ("Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful arrest"); <u>Venegas v. Wagner</u>, 704 F.2d 1144, 1146 (9th Cir. 1983) ("where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs").

In 1994, the Supreme Court held that, when allowing recovery of damages would necessarily imply the invalidity of a conviction or sentence, a § 1983 plaintiff must demonstrate that his or her conviction or sentence has been reversed, vacated, or otherwise called into doubt before that plaintiff can proceed under § 1983.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Relying on Heck and subsequent Ninth Circuit case law, this court ruled in 2001 that the statute of limitations applicable to a false arrest claim accrues:

> on a person's arrest if that person had been mistakenly arrested by an officer who only had probable cause to arrest someone else who resembled the person arrested.  If the person arrested happened to have been involved in the same crime and was subsequently indicted and arrested based on evidence unrelated to the wrongful arrest, that person could bring a false arrest claim during the pendency of the criminal case.  In that event, the court's determination of whether the officers lacked probable cause for the initial arrest would not necessarily imply the invalidity of the criminal case against that person.

Pascual v. Matsumura, 165 F. Supp. 2d 1149, 1153 (D. Haw. 2001).

Based on Heck and Pascual, Liang and Shea argue that Faaita's § 1983 claims are untimely because more than two years passed between the state court's oral grant of the prosecution's motion to dismiss the four criminal complaints and the filing of the present Complaint on December 12, 2007.  Faaita, on the other hand, asserts that his § 1983 claims are timely because his Complaint was filed within two years of the entry of the state

court's written order dismissing the four criminal complaints. The court declines to grant Liang and Shea judgment on the pleadings on the present record.

On February 21, 2007, the Supreme Court decided <u>Wallace v. Kato</u>, 549 U.S. 384 (2007). The Supreme Court noted that false arrest and false imprisonment claims overlap, referring to the two collectively as "false imprisonment." <u>Id.</u> at 388-89. The Supreme Court ruled that false imprisonment claims begin to accrue when the false imprisonment ends. <u>Id.</u> at 389. Because false imprisonment is detention without legal process, the Supreme Court noted that a false imprisonment ends when "the victim becomes held *pursuant to such process*--when, for example, he is bound over by a magistrate or arraigned on charges." Under <u>Kato</u> and its progeny, Faaita's false imprisonment claim may well be barred by the applicable two-year statute of limitations. However, because Liang and Shea failed to brief the impact of <u>Kato</u> here, relying instead on case law that has been superseded, the court declines to grant them judgment on the false imprisonment claim on statute of limitations grounds. For the court to rely on <u>Kato</u> here would require this court to construct an argument for Liang and Shea, all the while depriving Faaita of any opportunity to respond.

Nor have Liang and Shea established on this motion that the two-year statute of limitations bars Faaita's due process

claim, as they have not established that the limitations period on that claim should have accrued when the state court issued its oral ruling, rather than when the state court issued its written ruling.  Although Liang and Shea argue that Faaita could no longer be prosecuted at the moment the state court issued its oral ruling in June 2005, they have not established that to be the case.  They do not, for example, consider that, until the state court issued its written ruling, there was no judgment, and the state court could have reconsidered its oral decision to dismiss the charges.  With their bare-bones brief on the matter, Liang and Shea have failed to meet their burden of establishing that they are entitled to judgment as a matter of law on Faaita's due process claim.

When bringing a dispositive motion, the filing party must do more than merely raise an issue, expecting this court to research it before deciding it.  On the present motion, Liang and Shea had to demonstrate that they were entitled to judgment as a matter of law.  They have not done that.  Accordingly, their motion is denied.

V.   CONCLUSION.

For the reasons set forth above, the court denies Liang and Shea's motion in its entirety, as well as the City-related Defendants' joinder therein.  Although the court would normally allow Liang and Shea to file another motion, the court declines

to do so because the dispositive motions deadline has passed. Should Liang and Shea want to file such a motion, they may file a motion with the Magistrate Judge seeking leave to do so.  This court, does not, by making this statement, suggest what the ruling should be on any such motion.  However, this court informs the parties that this court is unlikely to continue the trial date to accommodate such a motion, even if that means the parties end up going to trial on claims that should have been disposed of through the pretrial motions process.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, January 14, 2009.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

Faaita v. Liang, et al., CIVIL NO. 07-00601 SOM-KSC; ORDER DENYING MOTION TO DISMISS FILED BY SUSAN L. LIANG AND MAXINE N.W. SHEA