IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL FAAITA, | ) | CIVIL NO. 07-00601 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SUSAN L. LIANG, ETC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants Susan L. Liang ("Liang")
and Maxine N.W. Shea's ("Shea", and collectively with Liang,
"Defendants") Motion for Summary Judgment As To All Claims And
Parties ("Motion"), filed on January 30, 2009.  Plaintiff
Daniel Faaita ("Plaintiff") filed his memorandum in opposition to
the Motion on April 17, 2009.  The Court finds this matter
suitable for disposition without a hearing pursuant to Rule
LR7.2(d) of the Local Rules of Practice of the United States
District Court for the District of Hawaii ("Local Rules").  After
careful consideration of the Motion, supporting and opposing
memoranda, and the relevant legal authority, Defendants' Motion
is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The facts of this § 1983 action are thoroughly set
forth in the Order Granting Defendants' Motions for Summary
Judgment, filed contemporaneously with this order, and therefore

this Court will not repeat the same here, except as may be
relevant to the instant Motion.[1]  In December 2003, Plaintiff
stipulated to a court-ordered injunction that prohibited him from
harassing Liang ("Injunction Order").  From the time of the
Injunction Order (December 22, 2003) through the end of December
2004, Liang made a number of calls to the Honolulu Police
Department ("HPD") alleging that Plaintiff had violated the
Injunction Order by telephoning her.  In some instances, the
telephone calls were initially received by Shea, wherein
Plaintiff allegedly then requested to speak to Liang.  Upon
investigation of the claims made by Liang and Shea, Plaintiff was
arrested on four separate occasions for violating the Injunction
Order.  Also, the prosecuting attorneys for the City and County
of Honolulu filed four criminal complaints in state court against
Plaintiff for the alleged violations of the Injunction Order.
Plaintiff was bound over for trial on the criminal complaints on
April 7, 2005.  [Defts.' Concise Statement of Facts ("CSOF") in
Supp. of Motion, Exh. A.]

On June 27, 2005, a hearing in state court was held on
the four criminal complaints against Plaintiff.  At the hearing,
the prosecuting attorney moved the court to dismiss, without
prejudice, the four criminal complaints against Plaintiff.  [Id.,

_____

[1] The factual background set forth in the Order Granting
Defendants' Motions for Summary Judgment is incorporated herein
by reference.

2

Exh. B.]  The court orally granted the prosecution's motion, but ordered that the complaints be dismissed with prejudice.  [Id.] The court also ordered that Plaintiff's bond be discharged. [Id.]  On December 13, 2007, the four criminal complaints were dismissed with prejudice via a written order.  [Pltfs.' CSOF in Opp. to Motion, Exhs. 1-4.]

In their Motion, Defendants first argue that Plaintiff's claims under 42 U.S.C. § 1983 are barred by the statute of limitations.  Defendants contend that the § 1983 claims are subject to a two year statute of limitations and that the accrual of such claims occurred on April 7, 2005 when Plaintiff was bound over for trial.  [Mem. in Supp. of Motion at 8-10 (citing Wallace v. Kato, 549 U.S. 384, 388 (2007)).] Therefore, Plaintiff's Complaint, not filed in this action until December 13, 2007, comes eight months after the statute of limitations had passed and is thus untimely.

Defendants next argue that Plaintiff's section 1983 claims fail as against them because they are not state actors. Defendants point out that the Complaint is absolutely void of any factual allegations that they were involved in any manner with the arrest or imprisonment of Plaintiff or that they had otherwise deprived him of his due process rights.  Defendants further point out that there is no evidence in this case that they were a police or judicial officer, or otherwise capable of

3

arresting, detaining or prosecuting Plaintiff under color of state law.

Finally, Defendants argue that like the § 1983 claims, Plaintiff's state law tort claims are also barred by the statute of limitations. Defendants contend that the statute of limitations period applicable to all of the alleged torts claimed by Plaintiff is two years. Defendants further contend that the alleged torts accrued no later than June 27, 2005, when the state court orally dismissed the four criminal complaints against Defendant with prejudice. Therefore, Plaintiff's Complaint, filed more than five months past the statute of limitations deadline, is untimely as to the state law claims.

In his opposition, Plaintiff disagrees that his section 1983 claims accrued on April 7, 2005 and instead argues that accrual of his claims occurred on January 12, 2006, thirty days after the written orders dismissing the four criminal complaints with prejudice were filed by the state court. [Mem. in Opp. at 5-9 (citing Heck v. Humphrey, 512 U.S. 477 (1994)).] Plaintiff also argues that Defendants "were state actors who made independent judgments for all investigating officers subjecting them to § 1983 liability."[2] [Id. at 9.] Plaintiff does not

_____

[2] In his opposition memorandum, Plaintiff does not set forth any authority for his argument that Defendants are state actors subject to § 1983 liability. Instead, Plaintiff filed a supplemental brief on April 22, 2009 offering authority for such argument. However, upon objection by Defendants, the Court

4

otherwise address Defendants' arguments regarding his state law claims.

## STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of establishing that there is no genuine issue of material fact.  See MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 720 (9th Cir. 2005).  There is no genuine issue of material fact if, based on the record as a whole, a rational trier of fact could not find for the non-moving party.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings."  W. Sunview Props., LLC v. Federman, 338 F. Supp. 2d 1106, 1114 (D. Haw. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

If the moving party meets its burden, the non-moving party must then present evidence that there is a genuine issue of material fact for trial.  In considering a motion for summary

---

struck said supplemental filing on the basis that Plaintiff lacked permission to so file and the Court does not consider it here for purposes of this Motion.

judgment, a court must resolve all disputed issues of fact in favor of the non-moving party.  See MetroPCS, 400 F.3d at 720. "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations omitted).  Further, "[i]n ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law." W. Sunview, 338 F. Supp. 2d at 1114 (citation omitted).

## DISCUSSION

I.   **Section 1983 Liability**

In this action, Plaintiff apparently contends that Defendants, by allegedly falsely informing police officers that he had made calls to Liang in violation of the Injunction Order, acted under color of law and are thus subject to liability under § 1983.  Section 1983 of Title 42 of the U.S. Code states:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage . . .
> subjects, or causes to be subjected, any citizen
> of the United States . . . to the deprivation of
> any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge

6

actions by governmental officials." <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 978 (9th Cir. 2004) (quoting <u>Henderson v. City of Simi Valley</u>, 305 F.3d 1052, 1056 (9th Cir. 2002)) (quotations omitted).  To state a § 1983 claim, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)).

Although § 1983 actions do not generally apply to private individuals, such claims may "lie against a private party when 'he is a willing participant in joint action with the State or its agents.'" <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980)). Joint action requires substantial cooperation between the private party and the state official. <u>Collins v. Womancare</u>, 878 F.2d 1145, 1155 (1989).  It must show that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State.  <u>Id.</u> at 1151.  Merely complaining to the police or even executing a sworn complaint, which forms the basis of an arrest, however, is not enough.  <u>Id.</u> at 1155; <u>see</u>, <u>e.g.</u>, <u>Lee v. Town of Estes Park, Colo.</u>, 820 F.2d 1112 (10th Cir. 1987) (finding individual was not liable under § 1983 even where he

7

effected citizen's arrest, transported the arrested party to the police station, attempted to persuade the police to file charges, and swore out a complaint against the arrested party); <u>Annan-Yartey v. Honolulu Police Department</u>, 475 F.Supp. 2d 1041 (D. Haw. 2007) (finding individuals were not joint actors even where arrest was  based on their allegedly false statements that a temporary restraining order was in effect).

This Court finds that Defendants' actions in this case do not rise to the level required to show that they were joint actors with the HPD officers regarding Plaintiff's arrests.  In his opposition, Plaintiff points to no conduct by Defendants, nor is there any to be found in the Complaint, which would indicate that Defendants' actions constituted anything more than mere complaints to the HPD officers.  Those allegations, even if true, are insufficient as a matter of law to establish § 1983 liability against Defendants.  <u>Collins</u>, 878 F.2d at 1155.  Accordingly, the Court grants summary judgment in favor of Defendants as to all of the § 1983 claims in the Complaint.

## II.  <u>State Law Claims</u>

Defendants argue, and Plaintiff does not dispute, that the remaining state law claims alleged by Plaintiff are barred by the applicable statute of limitations.  This Court agrees.  The applicable statute of limitations regarding Plaintiff's state law claims for false imprisonment, emotional distress, defamation,

gross negligence, and intentional tort is two years.  <u>See</u> Haw.
Rev. Stat. § 657-4 ("Actions for the recovery of compensation or
injury to persons or property shall be instituted within tow
years after the cause of action accrued . . ."); <u>see</u> <u>also</u>
<u>Linville v. Hawaii</u>, 874 F.Supp. 1095, 1104 (D. Haw. 1994)
(applying § 657-4 to emotional distress and negligence claims);
<u>Hoke v. Paul</u>, 65 Haw. 478, 483, 653 P.2d 1155, 1159 (1982)
(applying § 657-4 to defamation claim), *overruled in part on*
*other grounds by* <u>Bauernfiend v. Aoao Kihei Beach Condominiums</u>, 99
Hawaii 281, 54 P.3d 452 (2002).  A cause of action "accrues under
section 657-7 and the statute of limitations commences, when a
plaintiff has actual or imputed knowledge of: (1) his injury; (2)
the defendant's negligence or breach of legal duty and (3) the
causal connection between the two."  <u>In re Hawaii Federal</u>
<u>Asbestos Cases</u>, 854 F.Supp. 702, 706 (D. Haw. 1994).

        In this case, the Court finds that the state law tort
claims alleged in the Complaint accrued on or before June 27,
2005, upon the state court's oral dismissal with prejudice of the
four criminal complaints against Plaintiff.  Based on the
allegations in the Complaint and the evidence submitted before
this Court, it is clear that any alleged tortious activity
related to Plaintiff's state law claims did not occur beyond such
date.  First, with respect to Plaintiff's false imprisonment
claim, the alleged injury and knowledge thereof, occurred no

later than when he was bound over for trial on April 7, 2005.
Cf. Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (holding a §
1983 claim for false arrest (a species of false imprisonment)
accrues when the victim is bound over for trial).  Second,
Plaintiff's defamation claim accrued when he knew or should have
known of the publication of the defamatory marks.  See Hoke, 65
Haw. at 483, 653 P.2d at 1159.  Although Plaintiff fails to
allege any specific conduct that he asserts was defamatory, the
Court finds that any defamatory remark allegedly made in this
case would have occurred and accrued no later than June 27, 2005.

Third, regarding the gross negligence and intentional
tort claims, the allegations in the Complaint point exclusively
at the HPD Officers and Defendants Liang and Shea, respectively.
[Complaint ¶¶ 74-80, 81-86.]  Under Plaintiff's own factual
assertions, Defendants Liang and Shea's last complaint to the HPD
occurred on December 27, 2004; and, the HPD police officers last
conduct occurred on December 17, 2004 when they responded to one
of Liang's last complaints against Plaintiff.  Accordingly,
Plaintiff knew or should have known of the alleged unlawful acts
related to the gross negligence and intentional tort claims no
later than December 27, 2004.

Finally, although the accrual time for an emotional
distress claim is "slightly more elastic," as Defendants point
out, it still begins to run at the time the tortious activity

10

ceases.  [Mem. in Supp. at 6 (citing <u>Linville</u>, 874 F.Supp. at 1104).]  As discussed above, the evidence clearly establishes that any alleged tortious activity in this case ceased upon the state court's dismissal on June 27, 2005, resulting in the accrual of Plaintiff's emotional distress claim.

Therefore, the Court finds that the state law claims alleged in the Complaint, which Plaintiff filed on December 12, 2007, are untimely and thus barred by the applicable statute of limitations.


<u>**CONCLUSION**</u>

On the basis of the foregoing, Defendants Susan L. Liang and Maxine N.W. Shea's Motion for Summary Judgment As To All Claims And Parties, filed on January 30, 2009, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 28, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


**DANIEL FAAITA V. SUSAN LIANG, ET AL; CIVIL NO 07-00601 LEK; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (LIANG)**